## Matos *v*. A. Lynn é Hijos de Perez Moris.

Competencia entre los Juzgados Municipales de Ponce y Cate-
dral, en San Juan.

No. 1.—Resuelto en Junio 20, 1904.

Competencia—Sumisión Expresa ó Tácita.—Es juez competente para cono-
cer de los pleitos á que dé origen el ejercicio de las acciones de toda clase,
aquél á quien los litigantes se hubieren sometido expresa ó tácitamente.

Id.—Se entenderá hecha la sumisión tácita, por el demandante, en el mero
hecho de acudir al juez interponiendo la demanda, y por el demandado, en
el hecho de hacer, después de personado en el juicio, cualquiera gestión
que no sea la de proponer en forma la cuestión de competencia.

Id.—El hecho de que el demandado comparezca en el juicio y solicite la sus-
pensión del mismo, envuelve un reconocimiento implícito de la competen-
cia del Tribunal, y por lo tanto queda tácitamente sometido á su jurisdic-
ción, sin que en adelante tenga acción para promover en forma alguna
la cuestión de competencia.

### EXPOSICIÓN DEL CASO.

*Vistas* estas diligencias que ante Nos penden, sobre com-
petencia de jurisdicción entre el Juzgado Municipal de
Ponce y el del Distrito de la Catedral, para conocer del jui-
cio verbal seguido ante el primero de dichos Juzgados Mu-
nicipales por Don Rafael Matos Bernier contra la Sociedad
"A Lynn é Hijos de Perez Moris" del comercio de esta

plaza, en cobro de cuatrocientos dollars de indemnización de daños y perjuicios, por falta de cumplimiento de un contrato.

*Resultando* que entablada demanda ante el Juzgado Municipal de Ponce, en 22 de Diciembre último, por el abogado Don Juan Gonzalez Font á nombre de Don Rafael Matos Bernier contra la sociedad mercantil establecida en esta plaza bajo la razón de A. Lynn é Hijos de Perez Moris en cobro de 400 dollars de daños y perjuicios, por incumplimiento de un contrato, se señaló para la celebración del juicio el día cuatro del siguiente mes de Enero, y citada y emplazada en forma la sociedad demandada, presentó escrito ante el mismo Juzgado Municipal, el abogado Don Antonio Moreno Calderón, á nombre de la expresada Sociedad, en solicitud de que se suspendiera el juicio, y se señalara otro día para su celebración, por tener que asistir precisamente el mismo día señalado á otro juicio verbal ante el Juzgado Municipal de Catedral de esta Ciudad, á lo que se proveyó de conformidad, señalándose el día 14 del mismo mes de Enero para la celebración del juicio verbal.

*Resultando* que hecho saber el nuevo señalamiento á la Sociedad "A Lynn é Hijos de Perez Moris," acudió entonces con escrito el mismo abogado Moreno Calderon á nombre de la referida sociedad ante el Juzgado Municipal del Distrito de Catedral, de esta Ciudad, para que se requiriera de inhibición al de Ponce, por estimar de la exclusiva competencia de dicho Juzgado de Catedral el conocimiento del juicio verbal de referencia, toda vez que tratándose de una demanda por acción personal y no estando señalado el lugar para cumplimiento de la obligación, era Juez competente para conocer de la demanda el del domicilio del demando, que lo era el del Distrito de la Catedral, de esta Ciudad, y oido el Ministerio Fiscal que opinó de conformidad con la inhibición propuesta, se libró el oficio inhibitorio solicitado, al Juzgado Municipal de Ponce, para que se abs-

tuviera de conocer en el asunto, y remitiera las actuaciones practicadas para continuar conociendo de ellas el Juzgado exhortante.

*Resultando* que recibido el oficio inhibitorio por el Juez requerido, y conferida vista al Fiscal, que la evacuó opinando debiá el Juzgado de Ponce sostener su competencia. por ser el Juez del lugar donde debía cumplirse la obligación, dictó auto el Juzgado Municipal de aquella ciudad, declarando sin lugar la inhibición propuesta, y comunicada esta resolución al de Catedral, como insistiera éste en sostener su competencia, remitieron ambos jueces sus respectivas actuaciones á este Tribunal Supremo para la resolución del conflicto.

*Resultando* que sustanciada la competencia con audiencia del Sr. Fiscal de este Tribunal, que opinó debía declararse competente al Juzgado Municipal de Ponce por haberse sometido tácitamente á él ambas partes, pero que de no entenderse así debía resolverse la competencia en favor del Juzgado Municipal de Catedral, por ser el del domicilio del demandado, se señaló día para la vista, la que se celebró con asistencia del Sr. Fiscal del Tribunal y del abogado defensor de la sociedad promovente.

Abogado del demandado, *Sr. Perez Moris.*

Abogado del Pueblo, *Sr. del Toro,* Fiscal.

La parte demandante no compareció.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que con arreglo á los artículos 56 y 58 de la Ley de Enjuiciamiento Civil, será Juez competente para conocer de los pleitos á que dé orígen el ejercicio de las acciones de toda clase, aquél á quien los litigantes se hubieren sometido expresa ó tácitamente; y que se entenderá hecha la sumisión tácita, por el demandante, en el mero hecho de acudir al Juez interponiendo la demanda, y por el demandado, en el hecho de hacer después de personado en el juicio cual-

quiera gestión, que no sea la de proponer en forma la declinatoria.

*Considerando* que habiendo comparecido en el juicio la sociedad demandada por conducto de su abogado defensor para pedir, como lo pidió y lo obtuvo, la suspensión del juicio hasta nuevo señalamiento, por no poder concurrir al acto el día señalado, reconoció implícitamente la competencia del Juzgado Municipal de Ponce, y quedó tácitamente sometido á su jurisdicción; por cuyo motivo y de conformidad con lo que prescribe el artículo 75 de la misma Ley de Enjuiciamiento Civil, carecía de acción para promover en ninguna forma la cuestión de competencia.

*Considerando,* por tanto, que debiendo entenderse sometidas tácitamente ambas partes al Juzgado Municipal de Ponce, éste es el competente para conocer del juicio verbal de que se trata.

*Vistas* las disposiciones legales citadas.

*Fallamos* que debemos declarar y declaramos competente al Juzgado Municipal de Ponce para conocer del juicio verbal ante él entablado por Don Rafael Matos Bernier contra la Sociedad "A. Lynn é Hijos de Perez Moris" en cobro de cuatrocientos dollars por indemnización de daños y perjuicios; y remitánsele las actuaciones practicadas para su continuación, comunicándose esta resolución al Juez Municipal de Catedral para su conocimiento y demás efectos, sin especial condenación de costas.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.